UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61009-CIV-COHN/SELTZER

ELBA BRYANT,

      Plaintiff,

v.

CREDIT ADJUSTMENTS, INC.,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment

[DE 24].  The Court has reviewed the Motion for Summary Judgment, Plaintiff's

response [DE 34], and is otherwise advised in the premises.[1]

## I. BACKGROUND

On June 14, 2010, Plaintiff filed her Complaint against Defendant.  The

Complaint alleges that Defendant left thirteen messages on Plaintiff's residential

voicemail over a seventy-eight day period.  The first message stated the following:

"Give us a return call at 866-875-3784 between the hours of 8:00 AM and 9:00 PM

Eastern time Mondays and Thursdays or between the hours of 8:00 AM and 7:00 PM

Eastern time on Tuesdays and Wednesdays and 8:00 AM to 5:00 PM Eastern time

---

    [1]      Defendant filed an untimely reply on March 7, 2011 [DE 40].  Defendant apparently did not realize that the briefing schedule for motions for summary judgment was amended, effective December 1, 2010.  Accordingly, on March 8, 2011, Defendant filed a Motion for Enlargement of Time to File Reply in Support of Motion for Summary Judgment [DE 41] ("Motion for Enlargement of Time").  The reply, however, cites no authorities and advances no arguments not raised in the Motion for Summary Judgment.  The Court, therefore, will deny as moot the Motion for Enlargement of Time.

Fridays."  DE 1 ¶ 10.  The other messages were substantially similar to the first

message.  See id.  Based on those messages, Plaintiff alleges violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(11), 1692d(6), and

1692d(5) (Counts I, II, and III), and the Florida Consumer Collection Practices Act

("FCCPA"), Fla. Stat. §§ 559.72(7) and 559.72(9) (Counts IV and V).

Defendant acknowledges that it left the messages on Plaintiff's voicemail.

Defendant, however, represents that the messages were not for her, but for her

husband, John Bryant, who shares the same name as the alleged debtor.  Defendant

therefore asserts that Plaintiff cannot state a claim on which relief may be granted

because Plaintiff is not a "consumer" or "debtor" who "was ever the intended called

party, much less the person who was obligated or alleged to be obligated to owe the

amount Defendant was allegedly calling about."  DE 24 at 2.  Defendant also contends

that "[t]here also is no evidence that the alleged 'debt' at issue was a 'consumer debt',

much less an obligation owed or alleged to be owed by Plaintiff."  Id.  Furthermore,

Defendant argues that Plaintiff has no standing to assert claims under the FDCPA or

FCCPA based upon calls made to her husband at the same phone number.  Lastly,

Defendant submits that it is "entitled to summary judgment as to the FCCPA Counts IV

and V because there is no evidence of Defendant's willfulness or knowledge to support

such FCCPA claims."  Id.

## II. DISCUSSION

### A. Legal Standard

The Court may grant summary judgment "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

3

### 1. Count I: Violation of 15 U.S.C. § 1692e(11)

Section 1692e makes it a violation of the FDCPA for a debt collector "[to] use any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Specifically, Section 1692e(11) states that "[t]he failure to disclose in the . . . initial oral communication [with the consumer] that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector" are violations of the section. 15 U.S.C. § 1692e(11). Notably, § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."[2] 15 U.S.C. § 1692a(3).

Defendant takes the position that it never "contended that Plaintiff Elba Bryant was obligated or allegedly obligated to pay any debt." DE 24 at 5. Defendant therefore argues that Plaintiff is not a "consumer" or "debtor" as those terms are defined in the FDCPA. Because she is not a consumer or debtor, Defendant contends that Plaintiff lacks standing to assert a claim.

Here, the messages that Defendant left on Plaintiff's voicemail did not indicate who the messages were for. Furthermore, the phone number that Defendant called was registered in Plaintiff's name. The Court therefore finds that Plaintiff reasonably believed she was the person who allegedly owed the debt. Accordingly, the Court rejects Defendant's argument that Plaintiff lacks standing. See Drossin v. Nat'l Action Fin. Servs., Inc., 255 F.R.D. 608, 620-21 (S.D. Fla. 2009) (Dimitrouleas, J.) ("[T]here

---

[2]     Pursuant to the FCCPA, Florida law defines "debtor" or "consumer" the same way. See Fla. Stat. § 559.55(2).

was no way for Plaintiff to know that [the message] was not intended for her, but rather

[another person].  Therefore, from the 'least sophisticated consumer' perspective, it is

reasonable that Plaintiff thought she was the person who allegedly owed the debt and

thus was the consumer.").  The Court will deny Defendant's Motion for Summary

Judgment as to Count I.

### 2. Count II: Violation of 15 U.S.C §1692d(6)

Section 1692d intends to prevent a debt collector from "engag[ing] in any

conduct the natural consequence of which is to harass, oppress, or abuse any person

in connection with the collection of a debt."  15 U.S.C. § 1692d(6).  Subsection 6 makes

it a violation of FDCPA for a debt collector to "place[ ] ... telephone calls without

meaningful disclosure of the caller's identity."  Id. § 1692d(6).  Some courts have

defined "meaningful disclosure" to include disclosure of the caller's name, the debt

collection company's name, and the nature of the debt collector's business.  Valencia v.

Affiliated Group, Inc., No. 07-61381-CIV, 2008 WL 4372895, at *3 (S.D. Fla. Sept. 23,

2008) (Marra, J.).

Defendant does not argue that it made a meaningful disclosure regarding its

identity.  Rather, Defendant argues that there is no evidence Defendant was attempting

to collect a debt.  The Court disagrees.  The Manager of Operations for Defendant

averred that he "reviewed [Defendant's] customer collection notes for what we

understand to be an account related to an amount owed by a John Bryant located in

Pompano Beach, Florida, and whose telephone number is [Plaintiff's number]."  DE 24-

1 ¶ 5.  The Court therefore rejects Defendant's argument that there is no evidence that

Defendant was attempting to collect a debt.

Defendant also submits that "[t]here are no cases that undersigned counsel has located that allows a person to state a claim under the FDCPA 1692d(6) where the calls are directed to another's spouse living at the same residence."  DE 24 at 8.  Even if true, Defendant's representation is immaterial.  Although Defendant may have sought to communicate with Plaintiff's spouse, Defendant's messages failed to name any particular individual.  As noted above, based on the record before the Court, Plaintiff could have reasonably believed the messages were directed at her.  The Court therefore rejects Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted and will deny Defendant's Motion for Summary Judgment as to Count II.

### 3. Count III: Violation of 15 U.S.C. § 1692d(5)

Plaintiff withdraws Count III.  See DE 34 at 8.

### 4. Count IV: Violation of Fla. Stat. § 559.72(9)

Section 559.72(9), Florida Statutes, provides that in collecting consumer debts, no person shall  "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."  Plaintiff offers no evidence that Defendant ever claimed, attempted, or threatened to enforce a debt against her that Defendant knew was illegitimate.  Likewise, Plaintiff offers no evidence that Defendant attempted to assert the existence of some legal right that Defendant knew does not exist.

To prove a violation of section 559.72(9), a plaintiff must prove actual knowledge.  See McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1279 (M.D. Fla.

6

2008).  Constructive knowledge is not sufficient.  Id. (citing <u>Williams v. Streeps Music</u>

<u>Co., Inc.</u>, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976) (striking allegation that debt

collector "should have known" the claim was not legitimate)).  Because Plaintiff has

failed to demonstrate a disputed issue of material fact regarding Defendant's actual

knowledge, the Court will grant the Motion for Summary Judgment as to Count IV.

5. Count V: Violation of Fla. Stat. § 559.72(7)

Section 559.72(7) provides that in collecting consumer debts, no person shall

"[w]illfully communicate with the debtor or any member of her or his family with such

frequency as can reasonably be expected to harass the debtor or her or his family, or

willfully engage in other conduct which can reasonably be expected to abuse or harass

the debtor or any member of her or his family."  Plaintiff withdraws the frequency

component of her claim under Count V.  See DE 34 at 8.  Thus, Plaintiff necessarily

contends that Defendant willfully engaged in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of her or his family.

Specifically, Plaintiff necessarily contends that Defendant, by failing to disclose its

name, its status a debt collector, and the purpose of the communications willfully

engaged in conduct expected to abuse or harass Plaintiff.  A nondescript voicemail

message left at a reasonable hour that merely seeks a return call and fails to identify

the caller, the intended recipient, or the purpose of the call can reasonably be expected

to abuse or harass only if it is left frequently.  A reasonable fact finder could not find

otherwise.  Because Plaintiff withdraws the claim insofar as it is predicated on the

frequency of the calls, the Court will grant Defendant's Motion for Summary Judgment

on Count V.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's

Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

Defendant's Motion for Summary Judgment is granted as to Counts III, IV, and IV.  The

Motion for Summary Judgment is denied as to Counts I and II.  It is **FURTHER**

**ORDERED AND ADJUDGED** that Defendant's Motion for Enlargement of Time to File

Reply in Support of Motion for Summary Judgment [DE 41] is **DENIED AS MOOT**.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida this 14th day of March, 2011.


JAMES I. COHN
United States District Judge